IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
CARL THOMPSON                       *

            Plaintiff               *

         vs.                        *    CIVIL ACTION NO. MJG-12-739

UNITED STATES OF AMERICA, and       *
STATE OF MARYLAND
                                    *
            Defendants
                                    *

*      *      *      *      *      *      *      *      *
```

MEMORANDUM AND ORDER RE: MOTIONS TO DISMISS

The Court has before it the State Defendant's Motion to Dismiss [Document 8], the United States' Motion to Dismiss [Document 11] and the materials submitted relating thereto. The Court has held a hearing and had the benefit of the arguments of counsel.

I. BACKGROUND[1]

Plaintiff has been, since 2006, a commissioned officer (rank not specified) in the Maryland Army National Guard (the "Guard").

At some time (not specified), although qualified for promotion, he was passed over although "others who fail to meet

---

[1] The "facts" herein are as alleged by Plaintiff and are not necessarily agreed upon by Defendants.

those qualifications have been retained and promoted." Compl. Intro.  The only such "other" identified by Plaintiff is a named Major who was commissioned as an officer "sometime between 2000-2002." Compl. ¶ 2.  The named Major did not have a required bachelor's degree from an accredited institution.  The Guard, although informed of the named Major's lack of a degree, nevertheless decided to retain her.

Based upon these allegations, Plaintiff sues the United States and the State of Maryland in four counts:

1. Violation of 10 U.S.C. § 12205 (Officer Requisites)
2. False Claims Act 31 U.S.C. §§ 3729-3733
3. Negligence
4. Negligent Failure to Instruct, Supervise

By the instant motions, the Defendants seek dismissal of all claims.

II. DISMISSAL STANDARD

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6)[2] tests the legal sufficiency of a complaint. A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in

---

[2] All "Rule" references herein are to the Federal Rules of Civil Procedure.

2

order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  When evaluating a 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff.  However, conclusory statements or a "formulaic recitation of the elements of a cause of action" will not suffice.  Id.  A complaint must allege sufficient facts to "cross 'the line between possibility and plausibility of entitlement to relief.'"  Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557).

Inquiry into whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.  Thus, if the well-pleaded facts contained within a complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)) (internal quotation marks omitted).

III. <u>DISCUSSION</u>

    A.  <u>State of Maryland</u>

At the threshold, the State of Maryland asserts that the instant case cannot proceed against it in federal court by virtue of the Eleventh Amendment. It is well established that:

> The Eleventh Amendment embodies the principle of sovereign immunity and prohibits suit by private parties against states in federal courts unless a state has waived its immunity.

<u>Weller v. Dep't of Social Servs. for City of Baltimore</u>, 901 F.2d 387, 397 (4th Cir. 1990).

As in <u>Weller</u>, Plaintiff here "has not suggested to this Court that Maryland has waived its immunity to actions brought in federal court, nor have we discovered any such waiver." <u>See</u> <u>id.</u>

Accordingly, it is not necessary to address the State's additional contentions. All claims against the State of Maryland in the Complaint shall be dismissed.

    B.  <u>The United States</u>

        1.  <u>Count 1 - § 12205</u>

Title 10 U.S.C. § 12205 states, in pertinent part:

> (a) In General. - No person may be appointed to a grade above the grade of first lieutenant . . . or be federally recognized

4

>in a grade above the grade of first lieutenant as a member of the Army National Guard, unless[3] that person has been awarded a baccalaureate degree by a qualifying educational institution.

The Court assumes that, as alleged by Plaintiff, the named Major and others were appointed in violation of this provision.

Plaintiff presents nothing in the aforesaid statutory provision, or in any legislative history, judicial decision or other authority, that establishes, or even suggests, that § 12205 creates a private cause of action.  Nor, is there any indication that the United States has waived its sovereign immunity from suit based upon some violation of the statute.

Thus, all claims in Count 1 shall be dismissed.

### 2. Count 2 - False Claims Act

The False Claims Act, 31 U.S.C. § 3729 et seq., creates liability to the United States for any person who makes a false claim against the United States.  The United States, by definition, is the victim and cannot be the perpetrator of a false claim creating liability under the False Claims Act.

Plaintiff, possibly, recognizes this, stating "[i]t was never the intent of Plaintiff to bring an action under the FCA against the United States."  Pl. Opp'n [Document 12] at 9.

---

[3] Subject to certain exceptions.

However, Plaintiff states that his "intent was to influence the federal government to enforce the law, in its capacity in a <u>qui tam</u> action" to force the Guard to follow § 12205.  <u>Id.</u> at 10.  Even if Count 2 were construed as a <u>qui tam</u> claim, it would be subject to dismissal.  A False Claims Act <u>qui tam</u> claim is brought by a plaintiff on behalf of the United States against a defendant that would be liable to the United States.  The United States cannot be such a defendant.

Accordingly, all claims in Count 2 shall be dismissed.

### 3.   Counts 3 and 4 - Negligence

In Counts 3 and 4, Plaintiff asserts common law negligence claims against the United States.  The United States has waived its sovereign immunity for tort claims brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675.

To proceed on a claim under the FTCA, a plaintiff must comply with the statute.  As stated by the United States Court of Appeals for the Fourth Circuit:

> A key jurisdictional prerequisite to filing suit under the FTCA involves the presentation of an administrative claim to the government within two years of the incident. <u>See</u> 28 U.S.C. § 2401(b) (1994) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues ...."). Moreover,

> "the requirement of filing an administrative claim is jurisdictional and may not be waived." . . .
>
> An administrative claim must be properly presented. The FTCA's implementing regulations consider a claim to be properly presented when the government receives a completed SF 95 (or other written notification of an incident), *and* "a claim for money damages in a sum certain ...." 28 C.F.R. § 14.2(a) (1999) (emphasis added); see also 39 C.F.R. § 912.5(a) (1999). Requesting a sum certain is a necessary element of any FTCA administrative claim. Failure to request a sum certain within the statute of limitations deprives a district court of jurisdiction over any subsequently filed FTCA suit.

Kokotis v. U.S. Postal Serv., 223 F. 3d 275, 279 (4th Cir. 2000)(internal citations omitted).

The Complaint does not include allegations that Plaintiff complied with the administrative claim requirement. Therefore, the negligence claims shall be dismissed.

Inasmuch as Plaintiff indicated that he seeks leave to amend, the Court will note that in the opposition to the United States' dismissal motion, Plaintiff states that he "has filed complaints with the Inspector General of the Department of Defense, and has been denied relief, thereby meeting the requirements of FTCA." Pl. Opp'n [Document 12] at 10. The United States has provided an affidavit stating that the Guard's

7

Inspector General's office is in possession of a letter from Plaintiff – presumably a "complaint" or presentation of an administrative claim filed by Plaintiff – and such letter does not include a request for monetary damages.  At the hearing, the Court requested to see a copy of the "complaint" or administrative claim allegedly filed by the Plaintiff.  Counsel did not have one at the hearing.  In any event, even if Plaintiff had filed a proper administrative claim, the negligence claims would be dismissed on other grounds.

The intramilitary immunity doctrine bars FTCA claims "for injuries to servicemen when the injuries arise out of or are in the course of activity incident to military service." <u>Feres v. United States</u>, 340 U.S. 135, 146 (1950).  Military service for purposes of the intramilitary immunity doctrine includes military service in the National Guard. <u>Dibble v. Fenimore</u>, 339 F.3d 120, 125-128 (2d Cir. 2003). The negligence claims arise from Plaintiff's and the named Major's military service in the Guard.  Accordingly, by virtue of the intramilitary immunity doctrine, all claims in Counts 3 and 4 would be dismissed even if the case were properly in court by virtue of the FTCA.

IV. CONCLUSION

For the foregoing reasons:

1. The State Defendant's Motion to Dismiss [Document 8] is GRANTED.

2. The United States Motion to Dismiss [Document 11] is GRANTED.

3. Judgment shall be entered by separate Order.

SO ORDERED, this Friday, September 21, 2012.

/s/
Marvin J. Garbis
United States District Judge